# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**BILLY N. WHEATER**                                                             **PLAINTIFF**

**VS.**                                            **CIVIL ACTION NO. 3:13CV813-HTW-LRA**

**WARDEN FRANK SHAW, ET AL**                                      **DEFENDANTS**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff Billy N. Wheater's Motion for Injunctive Relief [35] in this conditions of confinement case brought pursuant to 42 U.S.C. § 1983. The undersigned has reviewed the Motion and is of the opinion that it should be denied because the Plaintiff has not shown that he will suffer irreparable harm in the absence of injunctive relief. He is no longer in the custody of these Defendants, and they would be unable to provide the relief he seeks.

On December 31, 2013, Plaintiff filed his Complaint alleging that his life was threatened by gang members upon his arrival at the East Mississippi Correctional Facility [EMCF] in Meridian, Mississippi. In fact, he was later assaulted by inmate members of the Gangster Disciples. He was transferred to the South Mississippi Correctional Institute [SMCI] in Leakesville, Mississippi. While there, he filed this request for injunctive relief seeking to be moved by the Mississippi Department of Corrections [MDOC] to either the Panola County Jail or the Marshall County Jail for his safety and security.

The elements that must be established to prevail on a request for injunctive relief have been long established in this circuit. Specifically, the movant must show that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). Since the party seeking injunctive relief carries the burden of proving all four elements, a finding that the movant has failed to prove any element is fatal to his request for relief, and the court's analysis may end at that point. *Clark*, 812 F.2d at 996.

In this case, the undersigned conducted an omnibus hearing on January 26, 2015. At that time, Plaintiff was in custody at SMCI. He has since been transferred to the Central Mississippi Correctional Facility [CMCF] in Pearl, Mississippi. The only defendants named in this cause are those officials at EMCF, and they no longer have Plaintiff in their custody. They have no authority to transfer Plaintiff to the Panola County Jail or to the Marshall County Jail. For this reason, there is no substantial threat that irreparable harm will result if injunctive relief is not granted against these Defendants.

The Court also notes that the United States Constitution does not recognize a protectable liberty or property interest in the custodial location of prison inmates. *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995); *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). Unless extraordinary, such decisions are committed to the sound discretion of prison officials.

It is, therefore, the recommendation of the undersigned that the Plaintiff's Motion for Injunctive Relief [35] be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted

by the District Court.  28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      This the 17th day of August 2015.


                                ___S/ Linda R. Anderson_____
                                UNITED STATES MAGISTRATE JUDGE