## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**BILLY N. WHEATER**                                                   **PLAINTIFF**

**VS.**                                      **CIVIL ACTION NO. 3:13CV813-HTW-LRA**

**WARDEN FRANK SHAW, ET AL**                                   **DEFENDANTS**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This cause is before the undersigned Magistrate Judge for report and recommendation regarding Defendants' motions for summary judgment [50, 52, 55]. All moving Defendants assert that the claims of Plaintiff Billy N. Wheater should be dismissed due to his failure to exhaust his remedies that were available to him through the Administrative Remedy Program [ARP] implemented by the Mississippi Department of Corrections [MDOC]. Additionally, Defendants contend that Wheater's claims should be dismissed on the merits. After a thorough review of the pleadings and exhibits, Wheater's sworn testimony, and the applicable law, the undersigned recommends that the motions be granted based upon Wheater's non-exhaustion.

Failure to exhaust is an affirmative defense, so these Defendants have the burden of demonstrating that Wheater failed to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007). At the summary judgment stage, this means that Defendants "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Dillon v. Rogers,* 596 F.3d 260, 266 (5th Cir. 2010). The court shall grant summary judgment "if the

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Tex. St. Board of Dental Exam'rs*, 304 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Allen v. Rapides Parish Sch. Bd.*, 304 F.3d 619, 621 (5th Cir. 2000).

Wheater was a convicted felon housed in the custody of the MDOC at the South Mississippi Correctional Institute [SMCI] at Leakesville, Mississippi, on December 31, 2013, when he filed this lawsuit. He filed suit against various officials at the East Mississippi Correctional Facility [EMCF] regarding an attack by other inmates which had occurred there a year before on or about December 21, 2012. Wheater charges that these Defendants failed to protect him from the attack by inmates James Gardner and James Milsap, even though he had warned various persons that his life had been threatened.

In his Complaint, Wheater admits that he did not complete the ARP, but stated: "I have filed numerous ARPS throughout the year that has lapsed with no response. However I have proper documentation to prove bona fide effort." [1, p. 3]. He also explained his attempts to exhaust at the omnibus hearing [50-1, pp. 31-32].

As Defendants points out, the applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with

2

respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion is no longer left to the discretion of the district court, but is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.*

In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Supreme Court again confirmed that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court." The Court did find that the failure to exhaust was an affirmative defense and prisoners were not required to plead exhaustion in the Complaint. *Id.* However, a case is still subject to dismissal where exhaustion is not pled. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

The Fifth Circuit has confirmed that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." *Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam); *Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012) (quoting *Gonzalez*).   The Court specifically stated:

> ... **District courts have no discretion** to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. **It is irrelevant whether exhaustion is achieved during the federal proceeding.**  Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzalez*, 702 F.3d at 788 (*emphasis added*).

The Court in *Gonzalez* overruled prior case law giving district courts the discretion to "excuse" an inmate's failure to exhaust before filing suit.  *Id.,* overruling *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998).  The inmate in *Gonzalez* completed the ARP *after* filing his federal lawsuit.  The Court held that this was not sufficient to comply with the PLRA's exhaustion requirements.  In this case, Wheater never completed the process.

The records provided by Defendants (and unrebutted by Wheater) confirm that Wheater did not exhaust his available administrative remedies regarding his claims prior to filing the present action on December 21, 2013.  According to the Affidavit of Mary Dempsey, the ARP coordinator at EMCF, Wheater submitted a grievance on January 21, 2013, requesting to be transferred to Marshall County Correctional Facility or to the Mississippi State Penitentiary for protective custody following his December 21, 2012, altercation with other EMCF inmates. [Exhibit J to Motion for Summary Judgment 55-10, pp.1-2] .  He submitted two additional ARP forms on January 25, 2013, and on January

4

29, 2013, regarding the same request, and the three were considered one grievance, EMCF-13-990.  He was transferred to SMCI sometime in February 2013, and he withdrew this grievance before receiving a first-step response so he could pursue other matters through the ARP process.  Accordingly, Ms. Dempsey confirmed that he did not complete the ARP process for this grievance, EMCF-13-990.

The Dempsey affidavit indicates that on February 1, 2013, Wheater submitted a grievance through the ARP complaining that he had been denied an insulin shot and his diabetic snack on the same date [EMCF-13-362].  Also on February 1, 2013, he submitted a grievance complaint that he had been denied his request for coffee, stamps, and writing materials from the commissary while housed in segregation [EMCF-13-989].  After his transfer to SMCI, Wheater withdrew both these grievances prior to receiving a first-step response so he could pursue other matters through the ARP.

According to Ms. Dempsey, Wheater did submit another grievance regarding the December 21, 2012, altercation at EMCF, filed while he was housed at SMCI.  The July 16, 2014, Affidavit of Becky Naidow, EMCF ARP Coordinator, confirms that that grievance was received on July 1, 2013 [EMCF-13-2011].  This grievance was rejected on November 25, 2013,  because it was untimely submitted, as the rules require that a grievance be submitted to the Legal Claims Adjudicator in writing within 30 days after an incident has occurred [52-2].  No other grievances were filed thereafter, and Wheater filed this lawsuit some 5-6 months later, on December 31, 2013.

As noted by Defendants, the two-step Administrative Remedy Program has been implemented by the MDOC statewide in all prisons, including EMCF, under the authority

of Miss. Code Ann. § 47-5-801.  The Court initially approved the MDOC ARP in *Gates v. Collier,* GC 71-6-S-D (N.D. Miss. 1971) (Order entered Feb. 15, 1994).  The program was changed from a three-step process to a two-step process effective September 19, 2010, and that revised program was approved in  *Gates v. Barbour,* No. 4:71-cv-6-JAD, Doc. 1242 (N.D. Miss. Aug. 19, 2010).[1]  *See also Threadgill v. Moore,* 3:10cv378-TSL-MTP, 2011 WL 4388832, at *3 n. 6 (S.D. Miss. 2011).

The two-step process requires that an inmate submit a written grievance to the Legal Claims Adjudicator at the prison *within 30 days of the incident.*  If the adjudicator accepts the ARP, it is forwarded to the appropriate official, and that official issues a First Step Response.  If unsatisfied, the inmate may continue to the Second Step by using Form ARP-2 and sending it to the Legal Claims Administrator, utilizing the manila envelope furnished with the Step One response.  A final decision will be made by the Superintendent, Warden, or Community Corrections Director.

In this case, Wheater did file an ARP approximately 30 days after the December 21, 2012, incident.  Yet, he withdrew the ARP after he was transferred, never completing the process.  Although he later filed again, that ARP was rejected for not being filed within 30 days of the incident.

Wheater testified at the omnibus hearing regarding his attempts to exhaust his claims, and he testified that he did not receive timely responses to his grievances.  He

---

[1]The Program is contained in the MDOC Inmate Handbook, ch. VIII, available at http://www.mdoc.state.ms.us/Inmate_Handbook/CHAPTER%30VIII.pdf.

obviously is of the opinion that the process takes too much time and is displeased with the ARP program.  However, his opinion on the efficiency of the ARP does not excuse the applicable law's requirement that he fully and properly exhaust his administrative remedies *before* filing this lawsuit.  His conclusory allegations that his grievances were not answered are insufficient to evade the exhaustion requirement.  *See Kidd v. Livingston,* No. 11-40492*, 463 Fed. App's 311, 313 (5th Cir. 2012), *cert. denied,* 133 S.Ct. 36 (2012) (conclusory assertion that prison officials never returned a processed grievance form did not create a genuine dispute as to plaintiff's exhaustion of his grievance); *Howe v. Livingston,* No. 9:11cv162, 2012 WL 4127621 (E.D. Tex. Sept. 17, 2012) (vague and conclusory assertion that his grievances "disappeared or were never answered" do not excuse exhaustion); *Willich v. Brownlow,* 2010 WL 297844, at *6 (E.D. Tex. Jan. 19, 2010) (rejecting conclusory allegation of inability to exhaust).  If an inmate does not receive a timely response, he should proceed to the next level in the exhaustion process because both steps are required.  *See Veloz v. New York,* 339 F.Supp.2d 505, 516 (S.D.N.Y. 2004) (unsupported allegations that grievances "must have been lost or misplaced" does not relieve inmate of the obligation to appeal claims to the next level once it becomes clear that a response to the initial filing was not forthcoming).

The exhaustion requirement demands *proper* exhaustion.  According to the MDOC ARP program, this means the initial grievance must be filed within 30 days of the incident.  Wheater dropped the timely-filed grievance and attempted to file again some six months later.  Though arguably a harsh result, the Courts have approved the MDOC

7

ARP, and this Court must strictly enforce the program before jurisdiction may attach.  In *Woodford*, the Supreme Court found that the PLRA's exhaustion requirement means "proper" exhaustion, which requires a prisoner to "complete the administrative review process in accordance with the applicable procedural rules, *including deadlines*, as a precondition to bringing suit in federal court."  *Woodford*, at 83-84.  *See also Gordon v. Yusuff*, No. 03-60822, 2004 WL 1551625, at *1 (5th Cir. 2004) (a federal prisoner's untimely appeal to Central Office constituted grounds for dismissal based upon non-exhaustion).  It is the prison's requirements, not the PLRA, that define the requirements of exhaustion.  *Jones v. Bock*, 549 U.S at 218.   Accordingly, the MDOC ARP's 30-day filing requirement must be met before an inmate can be found to have exhausted his claims.

The case of *Wilson v. Epps*, 776 F.3d 296 (5th Cir. 2015) is also controlling in Wheater's case.  Wilson argued that the prison's failure to respond to his grievances excused his non-exhaustion, and that is partially Wheater's position herein.  (See Wheater's omnibus hearing testimony, [50, pp. 31-32]).  The Fifth Circuit clearly rejected that stance, finding that a prison's failure to respond at preliminary steps in its grievance process does not relieve a prisoner of the duty to complete the remaining steps.  *Id.*  In *Wilson*, the Court rejected the inmate's assertions that the ARP program was unconstitutional because it gave MDOC too much time to respond; it also approved the ARP's "backlogging" requirement.  *Id.* at 300-301.  The Court also rejected the inmate's claim that his remedies should be deemed exhausted because MDOC failed timely to

respond to his ARPs.   Noting that the prisoner must pursue the grievance remedy to its

conclusion, the Court explained:

> This requirement does not fall by the wayside in the event that the prison fails to
> respond to the prisoner's grievance at some preliminary step in the grievance
> process.  Instead, the prison's failure to timely respond simply entitles the prisoner
> to move on to the next step in the process.   Thus, it is only if the prison fails to
> respond at the last step of the grievance process that the prisoner becomes entitled
> to sue, because then there is no next step (save filing a lawsuit) to which the
> prisoner can advance.

*Id.* at 301.  Wheater never appealed the denial due to untimeliness of his second grievance

regarding the December 21, 2012, assault, so he never became entitled to sue in this

Court.

To defeat a summary judgment motion, competent evidence must be provided to

defeat that set forth by the movant.  Although Wheater contends that he has exhausted, or

made a "bona fide effort," to exhaust, "'conclusory allegations, unsubstantiated

assertions, or only a scintilla of evidence' will not satisfy the nonmoving party's burden

on summary judgment." *Garner v. Moore,* 536 Fed. Appx. 446, 449 (5th Cir. 2013)

(quoting *Freeman v. Tex. Dep't of Criminal Justice,* 369 F.3d 854, 860 (5th Cir. 2004).  In

this case, Defendants have provided substantial evidence indicating Wheater did not

exhaust his administrative remedies before filing this suit.  Wheater has failed to rebut

that evidence, and summary judgment should be entered.

All Defendants have also moved for summary judgment based upon the merits of

Wheater's claims.  Because Wheater failed to exhaust his administrative remedies, the

Court need not reach the merits of the claims.  *See Marshall v. Price,* 239 F.3d 265 (5th

Cir. 2000) (declining to reach the merits of an inmate's Section 1983 claims after finding that he failed to exhaust his administrative remedies).

For these reasons, the undersigned Magistrate Judge recommends that Defendants' Motions for Summary Judgment [50, 52, 55] be **granted** and Plaintiff's Complaint be dismissed without prejudice as to all Defendants.[2]

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636;  Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 22nd day of January 2016.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

---

[2]Wheater's delay may foreclose his ability to properly exhaust available administrative remedies, as "proper exhaustion" requires compliance with deadlines and other critical procedural rules.  *Woodford*, supra.